## No. 11,999.

### GRIMES, ET AL. *v.* JOHN HARVEY FUEL AND FEED COMPANY.

Decided March 12, 1928.  Rehearing denied April 2, 1928.

On motion to vacate order denying motion for new trial.  Motion denied.

*Affirmed.*

*On Application for Supersedeas.*

1.  JUDGMENT—*New Trial—Orders—Vacation.*  Where an attorney neither attended, nor ascertained the result, of a hearing on motion for new trial, it is held, under the facts disclosed, that there was no abuse of discretion on the part of the trial court in denying a motion, based on § 81 of the Code, to vacate the order denying the motion.

*Error to the County Court of Lake County, Hon. Thomas Evans, Judge.*

Mr. DAVID ROSNER, for plaintiffs in error.

Mr. JOSEPH W. CLARKE, for defendant in error.

*Department One.*

MR. JUSTICE WALKER delivered the opinion of the court.

PLAINTIFF in error was defendant, defendant in error plaintiff below. The case was tried September 2, 1927, taken under advisement by the court, and on September 27th a money judgment rendered against the plaintiff in error. Motion for new trial was filed October 8th, and overruled October 17th. October 31st, plaintiff in error filed his motion to vacate the order denying the motion for new trial or for an order to "allow him to appeal to the district court." This motion was denied, which ruling of the court is the only error assigned and argued here. The writ of error however runs to the judgment itself, and supersedeas is applied for.

The motion of October 31st was based upon section 81, Code of Civil Procedure, 1921, which authorizes the court to relieve a party from an order taken against him through mistake, surprise or excusable neglect. As counsel for plaintiff in error was given timely notice of the entry of the judgment and of the hearing on his motion for new trial, his only ground of complaint could be, and as we analyze his contentions, is, that he was not advised of the ruling on the motion for new trial until the time for appeal to the district court had expired, and that he being a resident of Denver and not present at the hearing at Leadville, had relied for this information upon the oral assurance given him at the trial, by counsel for plaintiff below, that he would be notified of the ruling. However, his affidavit made in support of the motion to vacate does not allege any agreement on the part of the attorney for plaintiff below except that final judgment would not be asked for without first notifying the defendant's counsel, and generally that no technical advantage would be taken of defendant's counsel by reason of his absence from the place of trial. Fairly construed, this agreement did not impose any obligation to notify defendant's counsel of the court's ruling on the motion for new trial, nor did it justify him in neither attending at the hearing nor ascertaining the result thereof. Certainly it cannot be said that the trial court before whom

the affidavit shows the agreement was entered into, abused the discretion with which the code provision above mentioned invests him, in refusing to set aside the order.

The application for supersedeas is denied, and the judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE and MR. JUSTICE WHITFORD concur.